IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAVALAS CHRISTOPHER LOVE,  §<br>§<br>§<br>Movant, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>§<br>Respondent. § | No. 3:17-cv-1431-B (BT)<br>No. 3:14-cr-0300-B-3 |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Savalas Christopher Love, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting action to the United States magistrate judge pursuant to 28 U.S.C. 636(b) and a standing order of reference. For the following reasons, the Court should deny Love's § 2255 motion and grant a certificate of appealability.

### I. Background

Love pleaded guilty to two felony offenses in a second superseding indictment: conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery) (count one); and using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two).

On September 22, 2016, the District Court sentenced Love to a total term of 147 months' imprisonment. He received 63 months' imprisonment on count one and 84 months' imprisonment on count two, to run consecutively. He did not appeal to the Fifth Circuit Court of Appeals.

Love then filed his § 2255 motion, in which he argues: (1) his confession was involuntary; (2) his conspiracy to commit Hobbs Act robbery offense is not a crime of violence; (3) he received "points" and "time" for charges that were dismissed; (4) he was "led" by his attorney and the prosecutor to plead guilty to a gun enhancement under § 924(c) that does not apply to him; (5) his attorney did not allow him to view the Presentence Report (PSR); and (6) he should not have received "any point enhancement" for his criminal history.

On May 30, 2017, the Court received Love's first motion to appoint counsel. Mot. (CV ECF No. 3).[1]  The Court denied the motion without prejudice on June 1, 2017. Ord. (ECF No. 5). On September 29, 2017, the Government filed its response (CV ECF No. 11) to Love's § 2255 motion. It argues Love's claims are waived, procedurally defaulted, fatally vague, noncognizable, unsupported by the record, or a combination thereof.

On July 2, 2018, the Court received correspondence from Love in which he claims his conspiracy to commit Hobbs Act robbery was not a crime of violence

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to Love's criminal docket, case number 3:14-cr-300-B-3, and "CV ECF" refers to his civil docket, case number 3:17-cv-1431-B-BT.

under the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) (striking down 18 U.S.C. § 924(e)(2)(B)(ii), the residual clause of the Armed Career Criminal Act (ACCA), as unconstitutionally vague); and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that 18 U.S.C. § 16(b) is unconstitutionally vague). (CV ECF No. 14.) On March 6, 2020, Love filed a second motion for appointment of counsel (CV ECF No. 18), arguing that he was entitled to counsel under the Supreme Court's then-recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). On August 31, 2020, the Government filed a response to Love's *Davis* claim (CV ECF No. 25), arguing that his claim is fatally vague and conclusory, procedurally barred, and barred by the appellate-rights waiver in his plea agreement.

On September 10, 2020, the District Court took Love's March 6, 2020 motion to appoint counsel under reconsideration and stayed the case and administratively closed it. Ord. (CV ECF No. 27). The same day, the District Court granted Love's March 6, 2020 motion to appoint counsel and appointed counsel to assist Love with pursing his *Davis* claim. Ord. (CV ECF No. 28).

On February 8, 2021, Love, through counsel, filed a response in support of his *Davis* claim, arguing: (1) his March 6, 2020 letter to the Court implicating *Davis* was sufficient to warrant the appointment of counsel, so his *Davis* claim should not be denied on the basis that he failed to raise a meaningful argument; (2) he is not procedurally barred from challenging the constitutionality of his conviction because he has shown excusable cause and actual prejudice; and (3) his

3

*Davis* claim is not barred by the appellate-rights waiver in his plea agreement. Resp. (CV ECF No. 32). On February 10, 2021, the Court lifted the stay of the case. Ord. (CV ECF No. 33). On April 19, 2021, the Government filed a response to Love's *Davis* claim (CV ECF No. 39), arguing it is barred by the appellate-rights waiver in his plea agreement, and the claim is procedurally barred. Love's § 2255 motion is ripe for determination.

## II. Legal Standards and Analysis

### 1. Love's *Davis* claim is waived.

Love raised a *Davis* claim in his second motion for appointment of counsel (CV ECF No. 18). In *Davis*, the Supreme Court found the residual clause of the "crime of violence" definition contained in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. The holding in *Davis* applies retroactively to cases on collateral review. *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019).

On November 19, 2015, Love pleaded guilty pursuant to a written plea agreement. (CR ECF Nos. 58, 77.) The plea agreement specifically included the following waiver provision:

> **Waiver of right to appeal or otherwise challenge sentence:** Love waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Love, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the

> voluntariness of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 58 at 6.) Love's *Davis* claim, which presumably challenges his § 924(c) conviction under count two, does not specifically fall within any reservation of rights contained in his appellate-rights waiver provision.

Generally, a collateral review waiver provision is enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005))*; see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, the Fifth Circuit Court of Appeals has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Here, there is no indication from the record that Love's appellate-rights waiver was not informed and voluntary. In fact, in his plea agreement, Love acknowledged his guilty plea was "freely and voluntarily made and [is] not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose." (CR ECF No. 58 at 6.) Love additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation …

5

[he] has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." (*Id.*) Love then conceded "that he [was] guilty, and after conferring with his lawyer, [he] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." (*Id.* at 6-7.)

The Fifth Circuit Court of Appeals has not specifically ruled on the validity of a collateral-review waiver in the context of *Davis*, but the Court recently addressed a case that is otherwise comparable and instructive here: *United States v. Barnes*, 953 F.3d 383 (5th Cir. 2020).[2] In *Barnes*, the movant pleaded guilty pursuant to a plea agreement and waived his right to challenge his conviction and sentence, directly and collaterally, and he was sentenced under the ACCA. 953 F.3d at 385. Then, in *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held the ACCA's residual clause to be unconstitutional. *Barnes*, 953 F.3d at 385. Barnes filed a motion under 28 U.S.C. § 2255, which was based on *Johnson*. *Barnes*, 953 F.3d at 385. The district court dismissed Barnes's motion, and he appealed. *Id.*

---

[2] The Fifth Circuit recently held that a *Davis* claim did not fall within the terms of an appellate rights waiver in a plea agreement. *See United States v. Picazo-Lucas*, 821 F. App'x 335 (5th Cir. 2020) (per curiam). However, that decision is not controlling here because it was made in the context of a direct appeal. The decision was also made in an unpublished opinion. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority.").

Before the Fifth Circuit Court of Appeals, Barnes attempted to attack the validity of his waiver by arguing that he could not waive a right that was unknown at the time of his waiver. *Id.* at 386-87. The Court noted his argument was foreclosed by *United States v. Burns*, 433 F.3d 442 (5th Cir. 2005), which held that "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a *Booker* . . . issue (whether or not that issue would have substantive merit), merely because the waiver was made before *Booker*." *Barnes*, 953 F.3d at 387. The Court also noted that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea resulted on a faulty premise." *Id.* at 387 (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). The Court pointed out that it had only recognized two exceptions to the general rule that a knowing and voluntary appellate and collateral-review waiver is enforceable: (1) ineffective assistance of counsel, and (2) a sentence exceeding the statutory maximum. *Id.* at 388-89. In another attempt to attack the validity of his waiver, Barnes argued that his sentence was unlawfully imposed because, following the Supreme Court's decision in *Johnson*, it violated the Constitution. *Id.* at 389. The Court found "that doesn't get [Barnes] out from under the collateral-review waiver to which he agreed." *Id.* The Court further found that this is so because "defendants can waive the right to challenge both illegal and unconstitutional sentences." *Id.* Finally, Barnes argued that his waiver should not be enforced due to the "miscarriage of justice" exception. *Id.* The Court refused to apply the exception, noting that

7

although other circuits recognize such an exception, the Fifth Circuit has declined to explicitly adopt or reject it. *Id.* (citing *United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam)). Ultimately, the Fifth Circuit held that Barnes's § 2255 motion was barred by the collateral-review waiver, and his appeal was dismissed. *Id.* at 390.

In sum, Love's plea was knowing and voluntary, and his *Davis* claim is barred by the appellate-rights waiver in his plea agreement. *See Jones v. United States*, 2020 WL 7753718, at *3-*5 (N.D. Tex. Dec. 10, 2020) (Rutherford, M.J.) (holding the movant's *Davis* claim was waived under the collateral remedy waiver in his plea agreement), *rec. adopted* 2020 WL 7711910 (N.D. Tex. Dec. 29, 2020) (Boyle, J.); *Brooks v. United States*, 2020 WL 1855382, at *3-*4 (N.D. Tex. Mar. 2, 2020) (Toliver, M.J.) (same), *rec. adopted* 2020 WL 1848050 (N.D. Tex. Apr. 13, 2020) (Lynn, C.J.); *see also United States v. Williams*, 2020 WL 7861309, at *2 (E.D. La. Dec. 31, 2020) (same); *Hernandez v. United States*, 2020 WL 4782336, at *2 (E.D. Tex. June 16, 2020) (same), *rec. adopted* 2020 WL 4747720 (E.D. Tex. Aug. 15, 2020); *Kimble v. United States*, 2020 WL 4808608, at *2 (E.D. Tex. June 25, 2020) (same), *rec. adopted*, 2020 WL 4793243 (E.D. Tex. Aug. 17, 2020).

At least one court in this district has found that, with respect to a *Davis* claim, the collateral remedy waiver is unenforceable under the miscarriage of justice exception. *See Ornelas-Castro v. United States*, 2021 WL 1117172, at *2 (N.D. Tex. Mar. 23, 2021) (Kinkeade, J.) (relying on the miscarriage of justice

exception to grant relief on a *Davis* claim under § 2255); *Thompson v. United States*, 2020 WL 1905817, at *1-*2 (N.D. Tex. Apr. 17, 2020) (Kinkeade, J.) (same); *Pearson v. United States*, 2020 WL 1905239, at *3-*4 (N.D. Tex. Apr. 17, 2020) (Kinkeade, J.) (same). The Court should decline to apply the miscarriage of justice exception here because the Fifth Circuit Court of Appeals recently held: "Though some circuits recognize [the miscarriage of justice] exception, we have declined explicitly either to adopt or reject it." *Barnes*, 953 F.3d at 389 (citing *Ford*, 688 F. App'x at 309); *see also United States v. Flores*, 765 F. App'x 107, 108 (5th Cir. 2019) ("[W]e repeatedly have declined to apply the miscarriage of justice exception.") (citing *United States v. Arredondo*, F. App'x 243, 244 (5th Cir. 2017); *United States v. De Cay*, 359 F. App'x 514, 516 (5th Cir. 2010)); *United States v. Powell*, 574 F. App'x 390, 394 (5th Cir. 2014) (per curiam) (noting that the Fifth Circuit has found it unnecessary to adopt or reject analysis under the miscarriage of justice) (citing *United States v. Riley*, 381 F. App'x 315, 316 (5th Cir. 2010)).

The Seventh Circuit has recognized a manifest-justice exception, but even there, the Court recently held that two defendants in a virtually identical situation as Love could not benefit from the exception. *Oliver v. United States*, 951 F.3d 841, 847 (7th Cir. 2020). The Court explained:

> The robbery of pawnshop plainly violated the Hobbs Act, which we and other circuits have held, after *Johnson*, qualifies as a "crime of violence" under § 924(c)'s elements clause. Thus, even overlooking the shootout that occurred, the government could easily have premised the § 924(c) counts on the Hobbs Act robbery of the pawn shop in Indiana. It is not a miscarriage of

9

> justice to refuse to put Oliver and Ross in a better position than they would have been in if all relevant actors had foreseen *Davis*.

*Id.* (internal citations omitted). The same rationale is applicable here. Love committed four substantive Hobbs Act robberies, and he admitted that he committed those offenses in his factual resume and under oath at his rearraignment on November 19, 2015. (CR ECF Nos. 57, 77.) Therefore, enforcing Love's appellate-rights waiver would not result in a miscarriage of justice. Likewise, Love should not be allowed to benefit from a windfall that neither he nor the Government anticipated or bargained for.

If this Court declined to enforce the appellate-rights waiver here, it would result in a windfall to Love, who admitted to committing four *substantive* Hobbs Act robberies. (CR ECF No. 57 at 2-5.) *See United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017) (a conviction for Hobbs Act robbery qualifies as a "crime of violence" under the elements clause of § 924(c)(3)(A)); *see also United States v. Bowen*, 907 F.3d 347, 353-54 (5th Cir. 2018) ("We have reiterated *Buck* in at least five cases. Accordingly, we reject [the movant's] contention that Hobbs Act robbery fails to qualify as a [crime of violence] predicate."). Love admitted to committing four distinct crimes of violence, Hobbs Act robberies, and each of these crimes could support a § 924(c) conviction. (CR ECF No. 57 at 2-5.) Love also admitted that a firearm was used in each robbery. (*Id.* at 2.) The fact that he was allowed to plead guilty to the conspiracy only, which at the time supported a § 924(c)

conviction, was the result of a negotiated plea deal with the Government that included a written plea agreement with an appellate-rights waiver.

For these reasons, Love's *Davis* claim is waived. The Government also argues that Love's *Davis* claim is procedurally barred. Because his *Davis* claim is waived, the Court should pretermit consideration of this additional argument. However, as addressed below, the Court will recommend that a certificate of appealability be granted.

**2.      Love fails to show he received ineffective assistance of counsel.**

Love argues in his fourth claim that his attorney was ineffective for "leading" him to plead guilty to the § 924(c) gun enhancement that did not apply to him. In his fifth claim, Love argues that his attorney was ineffective because he allegedly did not allow Love to review the PSR and make objections. The Court should deny these claims.

To sustain a claim of ineffective assistance of counsel, a movant must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive the movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

11

Even if counsel is proven deficient, a movant must prove prejudice. To prove such prejudice, the movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In his fourth claim, Love argues that his attorney "led" him to plead guilty to the § 924(c) gun enhancement, but § 924(c) did not apply to him. Love fails to explain how his attorney led him to plead guilty to this charge. Further, to the extent Love argues his attorney was ineffective for failing to argue that his conspiracy to commit Hobbs Act robbery was not a crime of violence under § 924(c), his claim is without merit. When the Court entered final judgment on September 26, 2016, the Supreme Court had not issued its June 24, 2019 decision in *Davis* finding the residual clause in § 924(c)(3)(B) unconstitutionally void for vagueness. Further, the Supreme Court's decision in *Davis* announced a new substantive rule of constitutional law. *Reece*, 938 F.3d at 635. Counsel is not deemed ineffective for failing to predict a development in the law. *See United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) (stating "the law of this circuit is clear that counsel need not anticipate changes in the law"); *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of

defense counsel to anticipate changes in the law."). Accordingly, Love's fourth claim should be denied.

Love argues in his fifth claim that his attorney did not allow him to review the PSR. However, this claim is belied by the record. The record of the sentencing hearing shows that Love stated under oath he had reviewed the PSR with his attorney. (CV ECF No. 12 at 5.) Formal declarations in open court carry a strong presumption of truth. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). And "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Moreover, Love's conclusory and contradictory fifth claim is insufficient to demonstrate that he received ineffective assistance of counsel. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Consequently, Love's fifth claim should be denied.

### 3. Love's remaining claims are waived or noncognizable.

In his first claim, Love argues his confession was involuntary because he was given oxycodone during the interview, and he had no legal representation. In his third claim, Love argues he received "points" and "time" for charges that were dismissed, and that he should not have received "any point enhancement for criminal history." These claims are waived by Love's plea agreement. Specifically, in his plea agreement, Love waived the right to collaterally attack his sentence except for claims that his plea or waiver were involuntary or claims of ineffective

13

assistance of counsel. It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *Wilkes*, 20 F.3d at 653. Love's first and third claims do not challenge the voluntariness of his plea or the appellate-rights waiver; nor do they raise ineffective assistance of counsel arguments. Therefore, Love's first and third claims are waived.

Additionally, Love waived his first claim, in which he argues that his confession was involuntary, by pleading guilty. In Love's fourth claim, he argues that the prosecutor "led" him to plead guilty to the § 924(c) gun enhancement. A guilty plea that is knowingly and voluntarily made generally waives all non-jurisdictional claims relating to events preceding the guilty plea. *See United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (stating a guilty plea "waives claims of governmental misconduct during the investigation and improper motives for prosecution."); *United States v. Bentle*, 533 F. App'x 462, 463 (5th Cir. 2013) (per curiam) (stating a guilty plea waives a challenge to the voluntariness of a defendant's confession). Love does not allege that his guilty plea was not knowing and voluntary. Likewise, he has failed to come forward with any evidence to that effect. In fact, as discussed above, the evidence before the Court is that Love's guilty plea was knowing and voluntary. Love's first and fourth claims should therefore be denied.

Love argues in his third claim that he was given "points" and "time" for charges that were dismissed. He appears to claim that the Court considered dismissed counts from the second superseding indictment in determining his

14

advisory guideline range. However, "[s]ection 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (internal citation omitted) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)); *see also Bowling v. United States*, 2020 WL 8294925, at *5 (N.D. Tex. Dec. 28, 2020) (recognizing the Fifth Circuit Court of Appeals "has historically and consistently held technical application of the guidelines does not raise an issue of constitutional dimension for purposes of section 2255."), *rec. adopted* 2021 WL 272212 (N.D. Tex. Jan. 26, 2021). Love's third claim should therefore be denied.

The Government also argues that Love's remaining claims are procedurally barred. As discussed, these claims are either waived or noncognizable, so the Court should pretermit consideration of this additional argument from the Government.

## Certificate of Appealability

A certificate of appealability (COA) will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates "that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims

are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. App'x 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. at 327); *see Foster*, 466 F.3d at 364.

Considering the Supreme Court's decision in *Davis* and the specific facts of this case, "jurists of reason could debate the propriety" of the recommendations contained herein and conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, Love should be granted a COA on the following issues: (1) whether the appellate-review waiver in his plea agreement bars his *Davis* claim; and (2) whether his appellate-review waiver is unenforceable under the miscarriage of justice exception.

### III. Recommendation

For the foregoing reasons, the Court should DENY Love's § 2255 motion and GRANT a certificate of appealability.

Signed May 5, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).