UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAVALAS CHRISTOPHER LOVE, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:17-cv-1431-B (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Movant Savalas Christopher Love's Objections (CV doc. 41)[1] to the United States Magistrate Judge's May 5, 2021 Findings, Conclusions, and Recommendation addressing Love's motion under 28 U.S.C. § 2255. At the outset, the Court notes that Love's specific objections solely address his claim under *United States v. Davis*, 139 S. Ct. 2319 (2019), and the Court will conduct a *de novo* review of those matters.[2] To the extent that Love has generally objected to the Magistrate Judge's Findings, Conclusions, and Recommendation, the Court will review his objections only for plain error.[3] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must

---

[1] For purposes of this Order, "CV doc." refers to Love's civil action under 28 U.S.C. § 2255, case number 3:17-cv-1431-B-BT, and "CR doc." refers to his criminal action, case number 3:14-cr-300-B-3.

[2] In addition to his *Davis* claim, Love also raised the following § 2255 claims: (1) his confession was involuntary; (2) his conspiracy to commit Hobbs Act robbery offense is not a crime of violence; (3) he received "points" and "time" for charges that were dismissed; (4) he was "led" by his attorney and the prosecutor to plead guilty to a gun enhancement under 18 U.S.C. § 924(c) that does not apply to him; (5) his attorney did not allow him to view the Presentence Report (PSR); and (6) he should not have received "any point enhancement" for his criminal history.

[3] By way of example, Love generally argues, "Mr. Love objects to the findings and conclusions made in regard to denying his 28 U.S.C. § 2255 Motion." Obj. 1 (CV doc. 41).

determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *see also Roe v. Johnson County, Texas*, No. 3:18-cv-2497-B-BN, 2020 WL 5542333, at *1 (N.D. Tex. Sept. 15, 2020).

Love initially argues that his *Davis* claim is not procedurally barred because he has shown excusable cause for procedural default and actual prejudice resulting from the error. Obj. 2-6 (CV doc. 41). This argument was not addressed in the Magistrate Judge's Findings, Conclusions, and Recommendation, and this argument need not be addressed by this Court now. Rather, the Magistrate Judge recommended that the Court find and this Court now finds that Love's *Davis* claim is waived. FCR 4-11 (CV doc. 40). Because Love's *Davis* claim is waived, the Court need not address whether it is also procedurally defaulted. As the Magistrate Judge noted, the Government argues that Love's *Davis* claim was procedurally barred, but because Love's *Davis* claim is waived, "the Court should pretermit consideration of this additional argument." FCR 11 (CV doc. 40). Consequently, this objection is overruled.

Next, Love argues that his *Davis* claim is not barred by the appellate-rights waiver in his plea agreement. Obj. 7-10 (CV doc. 41). Specifically, Love contends that the Government's reliance on *United States v. Burns*, 433 F.3d 442 (5th Cir. 2005), is misplaced because *Burns* addressed whether the appeal waiver applied to the defendant's sentence and not whether the conviction itself was invalid. *Id.* Love's argument is not compelling because the Magistrate Judge appropriately recognized the instant case is distinguishable from *Burns*. In pertinent part, the Magistrate Judge found, "The Fifth Circuit Court of Appeals has not specifically ruled on the validity of a collateral-review waiver in the context of *Davis*, but the Court recently addressed a case that is <u>otherwise</u>

2

comparable and instructive here: *United States v. Barnes*, 953 F.3d 383 (5th Cir. 2020)." FCR 6 (CV doc. 40) (footnote omitted and emphasis added).

Love cites to *Thompson v. United States*, No. 3:14-CR-340-K, 2020 WL 1905817, at *2 (N.D. Tex. Apr. 17, 2020) (J. Kinkeade), to support his claim that a miscarriage-of-justice exception should be applied. Obj. 7-8 (CV doc. 41). As Love concedes, however, "the Fifth Circuit has declined to explicitly adopt or reject a miscarriage of justice exception." *Id.* at 7. As the Magistrate Judge pointed out, the Fifth Circuit Court of Appeals refused to apply the miscarriage-of-justice exception in *Barnes*, and the Court specifically noted that "other circuits recognize such an exception, [but] the Fifth Circuit has declined to explicitly adopt or reject it." FCR 8 (CV doc. 40) (citing *Barnes*, 953 F.3d at 389 (citing *United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam)). Love makes an appropriate concession, and the Magistrate Judge correctly states the law. Because a miscarriage-of-justice exception has not been recognized by the Fifth Circuit Court of Appeals, this objection is overruled.

In a footnote, Love argues that "[a]side from being a miscarriage of justice, it would be an absurd result of this Court to understand and adopt the ruling in *Davis* by the Supreme Court, but then not give <u>any defendant</u> a chance to benefit from it because of a waiver made at the time the case had not yet been decided." Obj. 9 n.4 (CV doc. 41) (emphasis added). Love's argument lacks merit because not every defendant pleads guilty, as his argument appears to presume. Moreover, even if all defendants pleaded guilty, they do not always do so pursuant to a written plea agreement with the Government containing a waiver provision. For these reasons, this argument lacks merit.

3

Finally, Love argues that the Government pointed to *Oliver v. United States*, 951 F.3d 841 (7th Cir. 2020), a Seventh Circuit Court of Appeals case where the manifest-justice-exception was recognized, but the instant case is distinguishable because he would not be in a "better" position if all parties had foreseen *Davis*. Obj. 9-10 (CV doc. 41). In particular, Love contends that he would not be in a "better" position because he still faces the conspiracy to commit Hobbs Act robbery he pleaded guilty to, and vacating the 18 U.S.C. § 924(c) charge would protect his constitutional right to not be charged with an unlawful conviction yet still hold him accountable for his conspiracy to commit Hobbs Act robbery charge. *Id.* at 9-10.

In pertinent part, in the magistrate judge found:

> The Seventh Circuit has recognized a manifest-justice exception, but even there, the Court recently held that two defendants in a virtually identical situation as Love could not benefit from the exception. *Oliver v. United States*, 951 F.3d 841, 847 (7th Cir. 2020). The Court explained:
>
>> The robbery of pawnshop plainly violated the Hobbs Act, which we and other circuits have held, after *Johnson*, qualifies as a "crime of violence" under § 924(c)'s elements clause. Thus, even overlooking the shootout that occurred, the government could easily have premised the § 924(c) counts on the Hobbs Act robbery of the pawn shop in Indiana. It is not a miscarriage of justice to refuse to put Oliver and Ross in a better position than they would have been in if all relevant actors had foreseen *Davis*.
>
> *Id.* (internal citations omitted). The same rationale is applicable here. Love committed four substantive Hobbs Act robberies, and he admitted that he committed those offenses in his factual resume and under oath at his rearraignment on November 19, 2015. (CR ECF Nos. 57, 77.) Therefore, enforcing Love's appellate-rights waiver would not result in a miscarriage of justice. Likewise, Love should not be allowed to benefit from a windfall that neither he nor the Government anticipated or bargained for.

FCR 9-10 (CV doc. 40).

As the Magistrate Judge noted, the Fifth Circuit has declined to explicitly adopt or reject a miscarriage-of-justice exception, but it has been recognized in other circuits. FCR 7-8 (CV doc. 40). In the Seventh Circuit, in *Oliver*, the Court recognized a manifest-justice exception. In the instant case, Love committed four substantive Hobbs Act robberies, and he admitted to those crimes both in his factual resume and under oath at his rearraignment. FCR 10 (CV doc. 40) (citing CR docs. 57, 77). For this reason, enforcing Love's collateral-attack waiver would not result in a miscarriage of justice, and the Magistrate Judge correctly found that Love's *Davis* claim is waived. This objection is therefore overruled.

Consistent with the foregoing, the Court finds that the Findings and Recommendation of the Magistrate Judge are correct, and they are accepted as the Findings, Conclusions, and Recommendation of the Court.

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted.

### Certificate of Appealability

A certificate of appealability (COA) will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates "that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. App'x 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. at 327); *see Foster*, 466 F.3d at 364.

5

Considering the Supreme Court's decision in *Davis* and the specific facts of this case, "jurists of reason could debate the propriety" of the recommendations contained herein and conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, Love is granted a COA on the following issues: (1) whether the appellate-review waiver in his plea agreement bars his *Davis* claim; and (2) whether his appellate-review waiver is unenforceable under the miscarriage-of-justice exception.

**SO ORDERED** this 2nd day of June, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE